Harry Phillips, d.b.a. Phillips Motors ("Phillips"), appeals from a judgment of the County Court of Montgomery County, Area One, which awarded $1,500 to Barbara Pickens.
The facts and procedural history are as follows.
Pickens went to Phillips in December 1996 to purchase a car. She was "desperate" to buy a car immediately because she was about to start a new job. Pickens agreed to purchase a Buick Somerset, and the parties filled out a Used Vehicle Order form. According to Phillips, he had been unsure at the time about whether the model year of the Somerset was 1985 or 1986 because he did not have the title, and he wrote 1986 on the order form. The order form indicated that the car was sold "as is."
The Somerset was not running at the time, so Phillips let Pickens use a 1976 Citation from his lot until the Somerset was repaired. She drove the Citation for about four weeks, then picked up the Somerset. In the interim, Phillips had apparently realized that the Somerset was a 1985 model, not 1986, and had changed the order form accordingly.
After Pickens accepted the Somerset, she experienced numerous mechanical problems with the vehicle and incurred various costs associated with towing and repairing it. She filed a complaint against Phillips to recover her costs associated with the Somerset, claiming that she had told Phillips that she could not afford to make any repairs and that he had guaranteed that he would fix the car so that it would run. Pickens demanded $1,500 in damages.
Following a hearing, the trial court awarded $1,500 to Pickens.
Phillips asserts two assignments of error on appeal.
 I. THE TRIAL COURT ERRED IN ITS FINDING OF FACT THAT THE APPELLANT DEFRAUDED APPELLEE.
Phillips argues that the trial court erred in finding that he had defrauded Pickens because there was no evidence of an intent to defraud. Without addressing any of the evidence which might have lent support to a claim of fraud, we note that Pickens' complaint was "for car repairs." She did not allege that Phillips had defrauded her. Also, although it is unclear how the trial court arrived at its award of damages, there is no specific reference to fraud in the trial court's decision. Under these circumstances, we will presume that the trial court's award of damages was based upon the cause of action stated in the complaint, i.e., breach of warranty, rather than fraud.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN ITS APPLICATION OF THE LAW TO DETERMINE DAMAGES.
Phillips contends that the trial court erred in awarding Pickens monetary damages as well as the vehicle in question because doing so placed Pickens in a better position than if the alleged breach had not occurred.
Phillips sold the car to Pickens for $1,800, plus tax and title, and Pickens was awarded damages in the amount of $1,500. The trial court noted that Pickens did "not know why she had filed suit for the amount listed in her Small Claims Petition" and found that the vehicle had been purchased "as is." The court also found that the sales receipt initially listed 1986 as the model year of the car, but was later changed to reflect a 1985 model. The court did not reach any conclusion as to circumstances surrounding this change. Given Pickens' inability to fully account for the $1,500 claimed as damages, it is unclear why the trial court awarded this amount. One possible explanation, gleaned from the trial court's written decision, is that it would have awarded Pickens $1,957 — the "purchase price" of the car — had it not thought itself limited to awarding $1,500, the amount of the prayer in the complaint.
Because Pickens retained possession of the vehicle at all times and did not attempt to revoke her acceptance as provided in R.C. 1302.66, her damages were controlled by R.C. 1302.88. R.C.1302.88(A) provides that a buyer may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable. The plaintiff bears the burden of proving the extent of damages. Akro-Plastics v. Drake Industries (1996),115 Ohio App.3d 221, 226, citing Columbus Finance, Inc. v. Howard
(1975), 42 Ohio St.2d 178, 184. Pickens did not present any evidence regarding the difference in value between a 1986 and a 1985 model Somerset. Having failed to offer any proof on this issue, Pickens was not entitled to any damages related to the model year of the car.
Pickens also sought damages for repairs she had made to the car. These damages were controlled by R.C. 1302.88(B), which states that the measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted. Because the damages available pursuant to R.C. 1302.88(B) are measured by taking into account the value of the goods as warranted, Pickens was obviously required to show that there had, in fact, been some type of warranty on the car. The Used Vehicle Order form clearly indicated that Pickens' car was "sold as is," and Pickens signed her named beneath the following statement: "I hereby make this purchase knowingly without any guarantee, express or implied, by this dealer or his agent." Thus, Phillips had disclaimed any warranty on the vehicle. The sale of the car "as is," i.e., with an express disclaimer of warranties, precluded the application of R.C.1302.88(B) and precluded Pickens' recovery for any repairs she made to the vehicle. The trial court erred in awarding damages.
The second assignment of error is sustained.
The judgment of the trial court will be reversed.
YOUNG, P.J. and GRADY, J., concur.
Copies mailed to:
Barbara Pickens
H. Steven Hobbs
Hon. James D. Piergies